**UNITED STATES of America,**

v.

**Jamal A. ABUAGLA, Defendant.**

**No. CR.A. 02–268–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

July 31, 2002.

Paul J. McNulty, United States Attorney, Gordon Kromberg, Assistant United States Attorney, United States Attorney's Office, Alexandria, VA, for U.S.

Larry Lynn Lewis, Law Office of J.W. Nesari, LLC, Arlington, VA, for Jamal A. Abuagla.

*ORDER*

HILTON, Chief Judge.

This matter comes before the Court for judgment on stipulated facts. The Government and the Defendant (hereinafter "Abuagla") in this case have agreed to a set of stipulated facts upon which they ask this Court to render a verdict. Abuagla has been charged with making a false statement under oath in violation of Title 18, United States Code, Section 1015(a). The Government and Abuagla agree that the sole issue before the Court is whether materiality is a required element of a violation of 18 U.S.C. § 1015(a). The Government concedes that materiality does not exist in this case, thus if materiality is a required element of 18 U.S.C. § 1015(a) Abuagla cannot be convicted.

Abuagla was born in the Sudan in 1958. On September 6, 1988, Abuagla applied for legal residency status in the United States. On September 7, 1988, Abuagla was arrested in Salem County, New Jersey, for possession of a concealed firearm. Following his arrest, Abuagla entered and completed the Salem County Pre–Trial Intervention Program. Pursuant to his completion of this program, the criminal charge against Abuagla was dismissed on August 13, 1990.

On May 16, 1989, Abuagla was interviewed by an officer of the Immigration and Naturalization Service (hereinafter "INS") regarding his permanent residency application. At the time of this interview, the INS was aware that Abuagla's fingerprints matched those of an individual arrested in Salem County, New Jersey, under the same name. When asked by the INS officer whether he had been arrested on September 7, 1988, in Salem County, New Jersey, Abuagla affirmed that he had been arrested at that place and time. Because Abuagla's criminal history did not pose a bar under the Immigration and

Nationality Act, Abuagla was granted permanent residency status on December 1, 1990.

On November 11, 1995, Abuagla submitted an application for naturalization as a United States citizen to the INS in Arlington, Virginia. Abuagla certified, under penalty of perjury, that his answers on the application were true and correct. Question # 15 on the application asked whether Abuagla had ever been arrested, cited, charged, indicted, convicted, fined or imprisoned for breaking any law or ordinance, excluding traffic violations. Abuagla answered Question # 15 by putting an "x" mark in the "No" box on the form, despite his 1988 New Jersey arrest.

On June 27, 1996, Abuagla was interviewed by an INS officer in Arlington, Virginia, in a matter relating to his naturalization and citizenship. Before the INS officer, and under oath, Abuagla swore that he had never been arrested, and that the contents of the application for naturalization submitted on November 11, 1995, were true to the best of his knowledge and belief. Following this interview, the INS recommended Abuagla for naturalization and Abuagla was granted United States citizenship. In April 2002, Abuagla was arrested and charged with Unlawful Procurement of Citizenship and making a False Statement in violation of 18 U.S.C. 1015(a). The Government has dismissed the charge of Unlawful Procurement, and the only matter left for this Court to determine is whether the Defendant is guilty of violating 18 U.S.C. § 1015(a).

■ The Government and Abuagla agree that Abuagla did make a false statement under oath. The Government and Abuagla also agree that Abuagla's false statements were not material, because his prior arrest would not have barred Abuagla from being granted United States citizenship. Abuagla asserts that materiality is a required element of 18 U.S.C. § 1015(a) and, therefore, he cannot be convicted on the stipulated facts. However, the Government argues that materiality is not required under 18 U.S.C. § 1015(a) and Abuagla is guilty of violating the statute.

Section 1015(a) of Title 18 provides:

Whoever knowingly makes any false statement under oath, in any case, proceeding, or matter relating to, or under, or by virtue of any law of the United States relating to naturalization, citizenship, or registry of aliens.... Shall be fined under this title or imprisoned not more than five years, or both.

The language of the statute itself makes no explicit mention of materiality. In contrast to Section 1015(a), other statutes addressing false statements do expressly require materiality. *See* 18 U.S.C. § 1001. Congress clearly could have inserted a materiality requirement into Section 1015(a), but no such requirement was entered into the statute. In fact, an earlier version of the statute (8 U.S.C. § 746(a)(1)) included a materiality requirement. In 1909, however, Congress changed the law by deleting the limitation which required a false statement be material in order to violate the statute.

■ As the Supreme Court noted in *Consumer Product Safety Commission v. GTE Sylvania, Inc.*, 447 U.S. 102, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980), "[a]bsent a clearly expressed legislative intention to the contrary, [statutory] language must ordinarily be regarded as conclusive." *Id.* at 108, 100 S.Ct. 2051. In 1909, Congress eliminated the requirement that a false statement be material to be in violation of the precursor of Section 1015(a). Since this elimination, Congress has voted twice on further recodifications of Section 1015(a) (or it's predecessors). In neither of these votes did Congress

reinsert the materiality requirement into the statute.

In 1997, the Supreme Court addressed a similar issue in *United States v. Wells,* 519 U.S. 482, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997). In *Wells,* the Supreme Court addressed the limitations of 18 U.S.C. § 1014, which prohibits false statements to financial institutions. Prior to 1948, Section 1014 required that the false statement be material in order to be in violation of the statute. However, in 1948 Congress recodified the statute, omitting the materiality requirement. Thus, the current Section 1014 does not contain explicit language requiring materiality of the false statement. The Defendant in *Wells* argued that Congress did not intend to make substantive changes to Section 1014 when it recodified the statute, as evidenced by the 1948 Reviser's Note that the revision was "without change of substance." 519 U.S. at 497, 117 S.Ct. 921. Thus, Wells argued that materiality was still an element of the offense, and that Congress had merely "overlooked" the issue. *See id.*

In *Wells,* the Supreme Court held that the current Section 1014 does not require materiality as an element of the offense. The Court noted that the revisers' failure to mention the omission of materiality as part of the offense "does nothing to muddy the ostensibly unambiguous provision of the statute as enacted by Congress." 519 U.S. at 497, 117 S.Ct. 921. Congress clearly removed the materiality requirement from Section 1014 in 1948, when it recodified the statute without including any express language requiring materiality. Similarly, in this case, Congress eliminated the materiality requirement of the precursor to Section 1015(a) in 1909 when it removed any mention of materiality from the language of the statute. Congress never reinserted the materiality requirement, despite two recodifications of the statute. As the Supreme Court has held "when a statute speaks with clarity to an issue, judicial inquiry into the statute's meaning, in all but the most extraordinary circumstances, is finished." *Metropolitan Stevedore Co. v. Rambo,* 515 U.S. 291, 294, 115 S.Ct. 2144, 132 L.Ed.2d 226 (1995). Section 1015(a) is unambiguous and does not require a false statement be material in order to violate the statute.

Abuagla argues that older cases interpreted Section 1015(a) to require that false statements be material in order to be in violation of the statute. *See, Bridges v. United States,* 199 F.2d 811 (9th Cir.1952), *United States v. Udani,* 141 F.Supp. 30 (S.D.Cal.1956), *United States v. Laut,* 17 F.R.D. 31 (S.D.N.Y.1955). These cases interpreted Section 1015(a) to include a materiality requirement. However, these cases were all decided before the Supreme Court's decision in *Wells.* A more recent decision by the Fourth Circuit in *United States v. Ahmad,* 213 F.3d 805 (4th Cir. 2000), applied the holding in *Wells* to an interpretation of 18 U.S.C. § 545. The Fourth Circuit noted that construing the plain language of Section 545 to include terms that Congress had omitted in a recodification is:

> a perilous course, at odds with the Supreme Court's repeated admonition that statutory construction begins with examining the language of the statute, and that when the language is clear, the judicial inquiry "in all but the most extraordinary circumstance, is finished." 213 F.3d at 810, *citing Estate of Cowart v. Nicklos Drilling Co.,* 505 U.S. 469, 475, 112 S.Ct. 2589, 120 L.Ed.2d 379 (1992).

Thus, applying the Supreme Court's reasoning in *Wells* and the Fourth Circuit's holding in *Ahmad,* Section 1015(a) should not be interpreted to include certain requirements when Congress removed such requirements from the express language of

the statute upon recodification. Thus, because Section 1015(a) no longer contains language requiring materiality, no such requirement exists. Based on the stipulated facts presented to the Court, it is hereby,

ORDERED that Jamal A. Abuagla is found GUILTY of violating 18 U.S.C. § 1015(a) and counsel shall contact the Court forthwith to schedule a date for sentencing.